IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND L. KYSAR et al.,

        Plaintiffs,

vs.                                  CIVIL NO. 00-958 LFG/KBM-ACE

AMOCO PRODUCTION COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO RECOVER ATTORNEY'S FEES

THIS MATTER is before the Court on Defendant, Amoco Production Company's ("Amoco"), Motion for Recovery of Attorney's Fees in Connection with Summary Judgment Under the New Mexico Unfair Trade Practices Act [Doc. 55]. This motion was filed subsequent to Plaintiffs, Raymond L. Kysar, Patsy Sue Kysar, and the Kysar Family Trust ("Kysars"), filing a notice of appeal [Doc. 54].

The filing of a notice of appeal generally divests the district court of jurisdiction over issues on appeal. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379, 105 S. Ct. 1327 (1985). However, the district court retains jurisdiction over "collateral matters not involved in the appeal." Garcia v. Burlington Northern R.R. Co., 818 F.2d 713, 721 (10th Cir. 1987). Attorney fee awards are collateral matters over which the district court retains jurisdiction. Id. ("[E]ven after a timely notice of appeal is filed, a district court may retain jurisdiction to determine the propriety and amount of attorney fees."); Smith v. Phillips, 881 F.2d 902, 905 n. 9 (10th Cir. 1989)("Even after an appeal has been taken the district court may consider applications for attorney's

fees because they are considered wholly collateral to the merits . . . .")(*citing, inter alia*, Budinich v. Becton Dickinson and Co., 486 U.S. 196, 200, 108 S. Ct. 1717, 1720-21 (1988)).

Amoco seeks an award of fees incurred in pursuit of its motion for summary judgment. In particular, it seeks attorney fees under the New Mexico Unfair Trade Practices Act, NMSA § 57-12-1, which provides in § 10(c):

> [T]he court shall award attorney's fees and costs to the party charged with an unfair or deceptive trade practice or an unconscionable trade practice if it finds that the party complaining of such trade practice brought an action which was groundless.

New Mexico's unfair trade practices statute does not routinely award fees to a prevailing party. Rather, before the Court can award fees, it must determine that the action was groundless. New Mexico courts have interpreted the meaning of the term "groundless" to mean frivolous or not supported by credible evidence. G.E.W. Mechanical Contractors, Inc. v. Johnston Co., 115 N.M. 727, 733, 858 P.2d 103, 109 (Ct. App. 1993); Jones v. Beavers, 116 N.M. 634, 640, 866 P.2d 362, 368 (Ct. App. 1993). In that regard, the unfair trade practices' attorney fee provision is not unlike similar provisions under federal statutes, specifically, §§ 1981, 1982, 1983, 1985 and 1986 of Title 42. In Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir.), *cert. denied*, 513 U.S. 1000 (1994), the court found that while a prevailing plaintiff should ordinarily recover attorney fees unless special circumstances render an award unjust, a prevailing defendant should not routinely be awarded attorney fees simply because he has succeeded. Rather, attorney fees are awarded to a prevailing defendant under this section [§ 1988; Title VII] only where the action is found to be unreasonable, frivolous, meritless or vexatious. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S. Ct. 694 (1978).

So, too, here. Attorney fees under the Unfair Trade Practices Act should be awarded in those instances where the court determines that a plaintiff's claims were unreasonable, frivolous or groundless. That position is fully supported by language in G.E.W. Mechanical Contractors, Inc., which held:

> In interpreting § 57-12-10(C) . . . we do not read the statute to authorize an award of attorney's fees to Defendants merely because they successfully prevailed against the claims asserted by Plaintiff. Instead, we conclude that the purpose of § 57-12-10(C) in authorizing an award of attorney's fees to a defendant where the action is determined to be "groundless", is to reimburse a party for expense of defending a frivolous action and to dissuade parties from filing actions where there is no arguable basis in law or fact to support the cause of action and the claim is not supported by a good faith argument for the extension, modification or reversal of existing law.

Id. at 733, 858 P.2d at 109; Jones v. Beavers, 116 N.M. at 640, 866 P.2d at 368.

The Court did not find, nor does it now find, that Kysars' claims were frivolous or groundless. Indeed, Kysars found the following language in a Tenth Circuit opinion to support their argument that a unitization does not effect a lease unless the lease is formally modified.

> The fact that the field has been unitized is of no significance other than to the extent that the particular leases covering the minerals under the defendants' surface may have been actually and legally modified thereby [i.e., by the unitization agreement] as to the issues raised in this suit.

Mountain Fuel Supply Co. v. Smith, 471 F.2d 594, 597 (10th Cir. 1973).

The Court determined that Kysars misinterpreted this language and that a fair reading of Mountain Fuel showed that a lease may be actually modified by the parties, or it may be "legally modified," that is, by operation of law, by a unitization agreement. The Court further determined that its interpretation of Mountain Fuel comported with the purposes of communitization under federal

3

statutes. *See* Memorandum Opinion at pp. 12, 13 [Doc. 52]. The fact that the Court disagreed with the Kysars' interpretation and found that its own interpretation was more in keeping with concepts of communitization and with federal statutes, does not compel a conclusion that Kysars' claim was "groundless."

Accordingly, Amoco's motion for recovery of attorney fees is denied.

_____
Lorenzo F. Garcia
United States Magistrate Judge